IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-01559-RBJ-NRN

CALVIN JOHNSON,

Plaintiff,

v.

TONYA WHITNEY,

Defendant.

---

**REPORT AND RECOMMENDATION ON
DEFENDANT TONYA WHITNEY'S MOTION TO DISMISS (DKT. #34)**

---

**N. Reid Neureiter
United State Magistrate Judge**

This case is before the Court pursuant to an Order (Dkt. #35) issued by Judge R.

Brooke Jackson referring Defendant Tonya Whitney's Motion to Dismiss. (Dkt. #34.)

The Court has carefully considered the motion and the supplements thereto (Dkt. ##63-

1—63-4), and Plaintiff Calvin Johnson's Response.[1] (Dkt. #37.) On December 11, 2018,

the Court heard argument on the subject motion. (Dkt. #67.) The Court has taken

judicial notice of the Court's file, considered the applicable Federal Rules of Civil

Procedure and case law, and makes the following recommendation.

---

[1] Mr. Johnson's Response (Dkt. #37) also contains numerous requests for relief which the Court will not address in this Report and Recommendation. *See* D.C.COLO.LCivR 7.1(d) ("A motion shall not be included in a response or reply to the original motion. A motion shall be filed as a separate document.").

# I. BACKGROUND

Mr. Johnson's allegations are relatively straightforward. Mr. Johnson is an inmate of the Colorado Department of Corrections ("CDOC"). Defendant Whitney works in the CDOC's Inmate Banking Office. (Dkt. #25 at 2.) On November 1, 2016, Mr. Johnson alleges that Ms. Whitney withheld $3.82 of his inmate pay and refused to deposit it into his inmate account in violation of CDOC Administrative Regulation ("AR") 200-15. (*Id.* at 5.) On February 3, 2017, Mr. Johnson alleges that Ms. Whitney and a prison official identified as Jane Doe #2 withheld $1.41 of his inmate pay in retaliation for an administrative grievance he filed regarding the withholding of funds in November 2016. (*Id.*)

On June 29, 2017, Judge Babcock entered an Order (Dkt. #7) dismissing Mr. Johnson's original Prisoner Complaint (Dkt. #1) as legally frivolous. Mr. Johnson appealed, and on January 24, 2018, the United States Court of Appeals for the Tenth Circuit reversed and remanded for further proceedings. *See Johnson v. Whitney*, 723 F. App'x 587, 589 (10th Cir. 2018) (unpublished). The Tenth Circuit determined that the Court erred in dismissing Mr. Johnson's due process claims because (1) Mr. Johnson may state an arguable claim that he was deprived of a protected property interest; and (2) the Court failed to consider whether Mr. Johnson's failure to plead that his state post-deprivation remedy was inadequate was a defect that could be cured by amendment *Id.* at 591. The Tenth Circuit also concluded that Mr. Johnson pled sufficient facts to connect Ms. Whitney's alleged retaliation in withholding the $1.41 to his filing of the previous grievance. *Id.* at 594-95.

On remand, Magistrate Judge Gallagher determined that amendment would not be futile and directed Mr. Johnson to file an amended complaint if he wished to pursue his due process and retaliation claims. (Dkt. #20 at 2, 5.)

On March 14, 2018, Mr. Johnson filed an Amended Prisoner Complaint. (Dkt. #21.) The Amended Prisoner Complaint asserted new claims against Magistrate Judge Gallagher and CDOC Executive Director Rick Raemisch, in addition to the due process and retaliation claims against Defendant Whitney and Jane Doe. Magistrate Judge Gallagher then recused, and the case was reassigned to Magistrate Judge Mix to complete the initial review. (Dkt. #23.) Magistrate Judge Mix ordered Mr. Johnson to file a second amended complaint, noting that the claims against the newly-named defendants were improper, and determining that the Amended Prisoner Complaint was deficient because Mr. Johnson failed to provide a short and plain statement of his due process and retaliation claims against Ms. Whitney and Jane Doe. (Dkt. #24.)

On April 20, 2018, Mr. Johnson filed a Second Amended Prisoner Complaint. (Dkt. #25.) On April 25, 2018, Judge Babcock dismissed Mr. Johnson's official capacity claims for damages and his individual capacity due process claims. (Dkt. #27 at 7-8.) The only remaining claim—Mr. Johnson's retaliation claim against Ms. Whitney and Jane Doe #2 in their individual capacities—was assigned to Judge Jackson and Magistrate Judge Watanabe. (*Id.*) When Magistrate Judge Watanabe retired, the case and the subject motion were referred to me. (Dkt. #42.)

## II. LEGAL STANDARDS

### a. Pro Se Plaintiff

Mr. Johnson is proceeding pro se. The Court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). A plaintiff's pro se status does not entitle him to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

### b. Failure to State a Claim Upon Which Relief Can Be Granted

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."

*Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall*, 935 F.2d at1198. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id*. at 679–81. Second, the court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 679.

However, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the

complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citation omitted).

In assessing a motion to dismiss under Rule 12(b)(6), the usual rule is that a court should consider no evidence beyond the pleadings. *See Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1216 (10th Cir. 2007). "If, on a motion under Rule 12(b)(6) . . ., matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). However, "the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Alvarado*, 493 F.3d at 1216 (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)); *see also GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997)("[i]f a document is referenced in and central to a complaint, a court need not convert the motion but may consider that document on a motion to dismiss."). In addition, "facts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment." *Tal v. Hogan*, 453 F.3d 1244, 1264 n. 24 (10th Cir. 2006).

**c. Qualified Immunity**

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v.*

*Callahan*, 555 U.S. 223, 231 (2009) (internal quotation marks omitted). To resolve a claim of qualified immunity, the Court must consider two elements: (1) whether the plaintiff has alleged a constitutional violation, and (2) whether the violated right was "clearly established" at the time of the violation. *Id.* at 230–31. "The judges of the district courts . . . [may] exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id.* at 236. Qualified immunity is applicable unless the plaintiff can satisfy both prongs of the inquiry. *Id.* at 232. When a defendant asserts the defense of qualified immunity, the burden shifts to the plaintiff to overcome the asserted immunity. *Riggins v. Goodman*, 572 F.3d 1101, 1107 (10th Cir. 2009).

Qualified immunity is immunity from suit, rather than a mere defense to liability. *Estate of Reat v. Rodriguez*, 824 F.3d 960, 964 (10th Cir. 2016) (citing Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)). If a court finds that a defendant is subject to qualified immunity, the court may dismiss with or without prejudice. *Breidenbach v. Bolish*, 126 F.3d 1288, 1294 (10th Cir. 1997); *Lybrook v. Members of Farmington Mun. Sch. Bd. of Educ.*, 232 F.3d 1334, 1342 (10th Cir. 2000).

### III. ANALYSIS

Ms. Whitney argues that Mr. Johnson's retaliation claim fails as a matter of law. She also argues that his claims for compensatory and punitive damages are barred. The Court will address each in turn.

### a. Retaliation Claim

Mr. Johnson alleges that Ms. Whitney withheld the $1.41 from his inmate account on February 3, 2017 in retaliation for Mr. Johnson's grievance about the November

2016 withdrawal of $3.82. Ms. Whitney argues that Mr. Johnson's allegations are fatally deficient.

It is well-settled that prison officials may not retaliate against prisoners for filing administrative grievances. *Leek v. Miller*, 698 F. App'x 922, 925 (10th Cir. 2017) (citing *Williams v. Meese*, 926 F.2d 994, 998 (10th Cir. 1991)). Nevertheless, "it is not the role of the federal judiciary to scrutinize and interfere with the daily operations of a state prison" and "an inmate is not inoculated from the normal conditions of confinement experienced by convicted felons serving time in prison merely because he has engaged in protected activity." *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998).

To state a First Amendment retaliation claim against a government official, a plaintiff must prove three elements:

> (1) That the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct.

*Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007).

As Ms. Whitney does not argue otherwise, the Court will assume for purposes of this motion that Mr. Johnson's filing of an administrative grievance was a constitutionally protected activity. *See Johnson*, 723 F. App'x at 594 ("Mr. Johnson's filing of a grievance qualifies as protected activity under the first element."); *Fogle v. Pierson*, 435 F.3d 1252, 1264 (10th Cir. 2006) ("[I]f in fact DOC officials retaliated against Fogle based on his filing administrative grievances, they may be liable for a violation of his constitutional rights.").

The Court also finds that Mr. Johnson has adequately alleged the second element. Although a trivial or de minimus injury is not sufficient to support a retaliation claim, *see Eaton v. Meneley*, 379 F.3d 949, 954-55 (10th Cir. 2004), the Tenth Circuit has instructed that the $1.41 loss alleged by Mr. Johnson is not trivial when considered in a prison setting. *Johnson*, 723 F. App'x at 595.

Turning to the final element, the Court is mindful that the Tenth Circuit concluded that Mr. Johnson's allegations connecting Ms. Whitney's alleged retaliation to his filing of the previous grievance were "not implausible." *See id.* Nonetheless, Ms. Whitney argues that Mr. Johnson does not and cannot allege that the taking of the $1.41 was substantially motivated by the filing Mr. Johnson's earlier grievance. First, she claims that the inmate account system is automated and therefore Mr. Johnson cannot adequately allege that Ms. Whitney is the one who withheld the inmate pay. However, based only on the pleadings, the Court cannot determine, as a matter of law, how the Inmate Banking Office operates.

Next, Ms. Whitney argues that the AR at issue *required* that the $1.41 be withheld. AR-200-15(IV)(A)(8) provides,

> If an offender has not had a deposit in the 30 days prior to inmate pay, and if inmate pay is $.32 daily (Grade 1), then the total daily pay of $.32 ($7.36 maximum, per month) may be exempt from withholding. To meet this exemption, the offender's available account balance which is not being held as reserved or encumbered monies, cannot exceed $10.00 during the 30 days prior to receiving unassigned inmate pay. Any inmate pay that exceeds $7.36, per month, and any other deposits will be subject to the mandatory withholding of at least 20 percent.

(Dkt. #63-3.)[2]

---

[2] The Court may consider the grievances filed by Mr. Johnson and the AR in question because Mr. Johnson refers to them in his Second Amended Prisoner Complaint. *See Alvarado*, 493 F.3d at 1216.

Ms. Whitney claims that on January 9, 2017, Mr. Johnson had an inmate pay deposit of $7.04, and on February 3, 2017, he had another inmate deposit of $7.04. (Dkt. 63-2.) Because these dates are closer than 30 days apart, Ms. Whitney argues that the February 3, 2017 deposit was subject to mandatory withholding in the amount of $1.41.

Mr. Johnson maintains that by adding the January and February unassigned inmate payments together, which brought his balance above $10.00 and made him ineligible for the withholding exemption, Ms. Whitney deliberately misinterpreted the AR in a manner that had never been done before. Instead, Mr. Johnson argues that the AR had been routinely interpreted to calculate the balance each calendar month.

While the language of the AR appears to support Ms. Whitney's position ("the offender's available account balance . . . cannot exceed $10.00 during the **30 days prior** to receiving unassigned inmate pay"), the Court cannot say at this stage of the proceedings that Mr. Johnson's allegation that combining the calendar months was unusual and retaliatory in nature is implausible. If Ms. Whitney has evidence to rebut Mr. Johnson's allegations, she can present it in a summary judgment motion.

Finally, the Court concludes that Ms. Whitney is not entitled to qualified immunity. Mr. Johnson has plausibly alleged that Ms. Whitney retaliated against him for filing a grievance. As noted above, it is clearly established that prisoner officials may be liable for retaliating against an inmate for engaging in constitutionally protected activities. *See Fogle*, 435 F.3d at 1264 ("A prisoner's first amendment right to petition the government for redress of grievances encompasses the filing of inmate administrative appeals.").

Accordingly, the Court recommends that Ms. Whitney's motion to dismiss Mr. Johnson's retaliation claim be denied.

## b. Damages

### 1. Compensatory Damages

Ms. Whitney maintains that the Prison Litigation Reform Act ("PLRA") bars Mr. Johnson's claim for compensatory damages. The PLRA states, in pertinent part, that "no Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Mr. Johnson fails to plausibly allege that he suffered any physical injury relating to the withholding of the $1.41. However, the PLRA does not bar recovery of nominal damages where no physical injury is alleged. *See Searles v. Van Bebber*, 251 F.3d 869, 878–79, 880–881 (10th Cir. 2001) (nominal and punitive damages available absent a showing of actual injury). Because the Court finds that Mr. Johnson has stated a claim for relief under the First Amendment, he may be entitled to an award of nominal or punitive damages arising out of this claim.[3]

---

[3] The Court notes that Mr. Johnson's request for "nominal damages" in the amount of $50,000 is plainly frivolous: nominal damages "are a mere token, signifying that the plaintiff's rights were technically invaded even though he could not prove any loss or damage." *Griffith v. State of Colo., Div. of Youth Servs.*, 17 F.3d 1323, 1327 (10th Cir. 1994). However, Mr. Johnson may be entitled to actual nominal damages, so "while the Court cannot "supply additional factual allegations to round out a plaintiff's complaint," *Whitney*, 113 F.3d at 1173–74, if it "can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.

### 2. Punitive Damages

Ms. Whitney argues that Mr. Johnson's claim for punitive damages must be dismissed.

Punitive damages "may be recovered for constitutional violations without a showing of compensable injury." *Searles*, 251 F.3d at 880. However, "[p]unitive damages are available only for conduct which is 'shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" *Id.* at 879 (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)).

Given that no discovery has been conducted, it would be premature for the Court to rule as a matter of law that Ms. Whitney's alleged retaliation was (or was not) motivated by some evil intent or a reckless indifferent to Mr. Johnson's constitutional rights. Again, this is an issue better suited for a summary judgment motion.

## IV. RECOMMENDATION

**WHEREFORE**, for the foregoing reasons, it is hereby **RECOMMENDED** that Defendant Tonya Whitney's Motion to Dismiss (Dkt. #34) be **DENIED.** To an objective observer, it may appear silly that the processes and resources of a federal court have been deployed to adjudicate the legal propriety of the alleged confiscation of the grand sum on $1.41 from an inmate's bank account. However, the Tenth Circuit has ruled that "while a $1.41 loss would likely be de minimus in other contexts, it is not trivial when considered in a prison setting." *Johnson*, 723 F. App'x at 595. This Court must follow the decision of the Tenth Circuit, which compels the denial of Ms. Whitney's motion. S*ee Rohrbaugh v. Celotex Corp.*, 53 F.3d 1181, 1183 (10th Cir. 1995) ("When a case is appealed and remanded, the decision of the appellate court establishes the law of the

case and ordinarily will be followed by both the trial court on remand and the appellate court in any subsequent appeal.").

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, *Thomas v. Arn*, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colorado Dep't of Corrections*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

BY THE COURT

Date:  January 30, 2018
     Denver, Colorado

N. Reid Neureiter
United States Magistrate Judge